## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

LINDA BERKLEY                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO.: 3:19-CV-217-MPM-JMV

LAFAYETTE COUNTY, MISSISSIPPI, ET AL.                          DEFENDANTS

## <u>ORDER</u>

This matter is before the court on the motion of the plaintiff for leave to obtain discovery purportedly related to defendant Ashley Atkinson's defense of qualified immunity. *See* Def.'s Mot. to Dismiss or, Alternatively for Summ. J. at Doc. #15. Specifically, plaintiff seeks to require that each defendant respond to twenty-seven (27) requests for admission, four (4) requests for production, and four (4) interrogatories. Doc. #18.

For the reasons discussed in detail below, the motion is denied with the right to be re-urged, provided plaintiff does so in a manner that complies with the legal requisites of such discovery requests within five (5) business days hereof.

### Legal Standards and Analysis

As the court set out in its [17] Order, all discovery is stayed pending a ruling on a motion raising an immunity defense. *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015). Nevertheless, even where a defendant has asserted an immunity defense, the court may permit limited, immunity-related discovery *but only if* further factual development is necessary to ascertain the availability of that defense. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Therefore, the Fifth Circuit has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary. *Backe*, 691 F.3d at 648. First, the court must find that the plaintiff's pleadings assert facts which, if true, would

overcome the defense of qualified immunity. *Id.* If, thereafter, the court remains unable to rule on the immunity defense, it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Backe*, 691 F.3d 645, 648 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)). "Open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to [the plaintiff's] version of events – fail to advance the second step of the 'careful procedure' set forth in *Backe*, *Wicks*, and *Lion Boulos*…" *Hutcheson v. Dallas Cnty., Tex.*, No. 3:17-cv-2021-BN, 2019 WL 1957997, at 3 (N.D. Tex. May 2, 2019) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

Therefore, any motion for leave to conduct immunity-related discovery must include: (1) the specific interrogatories, if any, that she proposes; (2) a list of the specific documents or specific categories of documents, if any, that she wants; *and* (3) an explanation of why this discovery is necessary to enable her to respond to the specific immunity issues raised in the motion. *Woolum v. City of Dallas*, 2019 WL 6619320 (N.D. Tex. Dec. 5, 2019).

While plaintiff herein has provided the court the specific discovery requests she intends to serve, she has not (1) explained why those requests are necessary to enable her to respond to the immunity issues raised in the pending motion; (2) identified the questions of fact that the discovery should be narrowly tailored to address; nor (3) recounted for the court how her factual allegations overcome qualified immunity.

The proposed discovery requests also far exceed the scope of discovery allowed prior to the court's resolution of a qualified immunity defense. For example, the requests are addressed broadly to all defendants and do not, in some cases, even concern the individual defendant, Atkinson, whose qualified immunity motion to dismiss or for summary judgment is before the court. Interrogatory Number 3 is a classic open-ended request providing: "If you contend that any

person, entity or thing contributed to, caused the incident injuries and/or losses described in the Complaint, state the factual basis for your contention that the person, entity, or thing contributed to cause the instant injuries, and/or losses described in the complaint; identify by name, address, and telephone number each person who has knowledge or claims to have knowledge of any such facts; and state the name and address of any expert you expect to use to support these contentions." Doc. # 18 at 12.

In other respects, the interrogatories are unintelligible. For example, Interrogatory Number 2 reads: "Please set forth the version of Linda Berkeley's name and Cordova, Tennessee address was not included or removed from the list of record owners that the city of Oxford, Mississippi and Lafayette County were required to provide notice of the redemption rights." Doc. # 18 at 11-12.

The proposed request for production of documents are equally overly broad. Request Number 3, for example, asked that all of the defendants produce a list of all tax deeds issued between August 28, 2009 through August 28, 2019. Doc. # 18 at 13.

Finally, the twenty-seven requests for admissions fare no better. Request 22, for example, states: "Please admit that Sherry Wall was and is Chancery Clerk during all material times referenced in the Complaint, DE1." Doc. #18 at 6. What such an assertion has to do with defendant Atkinson's claim of qualified immunity is not evident and no explanation is offered.

Accordingly, the motion for discovery is denied. It may be re-urged but only upon submission of a motion, within five (5) business days, setting forth narrowly tailored discovery requests and an explanation, with respect to each, of the specific information outlined herein.

**SO ORDERED**, December 13, 2019.

/s/ Jane M. Virden
**U.S. MAGISTRATE JUDGE**