**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LINDA BERKLEY**                                                     **PLAINTIFF**

**V.**                                                          **NO.: 3:19-cv-217-MPM-JMV**

**LAFAYETTE COUNTY, MISSISSIPPI, ET AL.**                      **DEFENDANTS**

**ORDER**

This matter is before the Court on the Defendants' motions for sanctions pursuant to its inherent authority and FED. R. CIV. P. 37. [148,156]. Because of the serious nature of Plaintiff's and her counsel's misconduct, as discussed hereafter, the undersigned will require a further hearing on this matter as set forth below.

To begin, Plaintiff's conduct and that of her counsel (who is also her husband), from all appearances, has been in flagrant disregard of the truth and their discovery obligations. This conduct includes the following: provision of demonstrably false sworn interrogatory answers; numerous false answers under oath by Plaintiff at her deposition; improper refusal to answer questions at her deposition, including at the improper instruction of her counsel; failure to disclose documents and/or spoliation of same and an alarming willingness by Plaintiff and her counsel to double down on improper conduct to evade responsibility for it, such as misrepresenting legal authorities to the court, the making of specious legal arguments, and the misuse of errata sheets.

        I.       <u>The False Interrogatories</u>

In her interrogatory responses, Plaintiff falsely answered that she had not received any physical or emotional injury for which she had been treated since August 2014, nor has she received any medication for the same. Defs. Mot. – Ex. 1; Pl.'s Resp. to Defs.' Interrog. No. #10, 13. These answers were false, as Defendant uncovered that Plaintiff had, in fact, sought treatment

for physical injury since 2014 on numerous occasions, including treatment alleged to have arisen from a 2014 auto accident; a 2015 accident at Walmart; a 2015 food poisoning episode; 2016 auto accident; another accident at Walmart in 2017; and a slip and fall injury at Regus in 2020. She had also received multiple prescriptions on account thereof.

In like fashion, Plaintiff falsely swore in her interrogatory responses that, aside from the instant lawsuit, she had been a participant in only three lawsuits. *See* Interrogatory #15 and Response #148-1. In reality, she has been a participant in numerous such suits. Records uncovered by the Defendants reveal at least the following: *Methodist Healthcare v. Linda Berkley*, CT-005274-06 (Shelby County, TN Circuit Court 2006); *St. Francis Bartlett v. Linda Berkley*, HL-1550-18 (Shelby County, TN Circuit Court 2018) (hospital lien); *Linda Berkley v. Regus PLC*, CT-0734-21 (Shelby County, TN Circuit Court 2021); and *Deutsche Bank National v. Drayton Berkley, et al.* (Shelby County, TN Circuit Court 2017) (foreclosure and warrant detainer for eviction).

Plaintiff was equally untruthful in response to written document requests. For example, she denied, in response to request to produce, having any documents, or things of any kind that relate in any way to the allegations and/or claims in the Complaint, including any diaries, journals, calendars, day planners, or records of any sort that in any manner relate to the ownership of the property in question. *See* Defs. Mot. – Ex. 1, Req. for Prod. Nos. 4 and 9. [148]. In reality, or at least according to Plaintiff's subsequent deposition testimony, she made and retained in notebook format chronologically arranged notes of the content of her alleged phone calls with the defendants concerning the subject property during the relevant period and had at least one file folder of documents dealing specifically with the subject premises, including information about the taxes and upkeep due/paid thereon. *See* Tr. 145. Moreover, while testifying at her deposition that she

had these documents at her home and "certainly could find them all", since Plaintiff's deposition, all of these documents, as discussed more fully below, have disappeared without explanation.

II. The False Deposition Testimony

The Plaintiff swore at her deposition that she had never made a claim, except in the instant ligation, for emotional distress damages. Tr. 35-36, 80. The Defendant has demonstrated, on the other hand, that she has made many such claims. *Id.* at 80-83. She also untruthfully denied at her deposition, as she had in written discovery noted above, being a party to any other lawsuits, aside from three. *Id.* at 77. Plaintiff's false deposition testimony regarding her participation in other litigation was so brazen as to include a denial by her that she was even the "Linda Berkley" noted by defense counsel to have filed suit in 2021 against Regus for a slip and fall injury. *Id.* at 79. She gave this remarkable testimony even though defense counsel pointed out that that lawsuit was also filed by her husband as counsel-and only a very short time before she gave her deposition in the instant case. *Id.* at 84-85.

She also testified at her deposition that the emotional distress she alleges she suffered in the instant case resulted in hair loss for which she was receiving medical care from a physician at "his offices in Memphis, Tennessee." *Id.* at 37. As it turns out, this testimony, too, was subsequently revealed to have been false. She has not received any such medical treatment.

What in the undersigned's view is arguably worse than the above, are the unseemly lengths to which Plaintiff and her counsel/ husband are apparently willing to go to evade responsibility for their improper conduct once it has been exposed. The following are, in no particular order, examples of the same:

When it became evident that Defendant would pursue discovery about the alleged medical treatment for hair loss from a physician in Memphis, Tennessee, and sought sanctions for

Plaintiff's failure to identify him, the Plaintiff undertook to submit an errata sheet with the following incredible explanation: "I discovered [after the deposition] that these were cash payments for haircuts and shampoos due to hair falling out." *See* Pl. Resp. – Ex. 2. Not to be outdone, her counsel/husband doubled down on the explanation offering it himself to this court in response to the instant motion for sanctions. Pl. Resp. at 3.

When it became clear that Plaintiff was falsely testifying at her deposition about not participating in certain undisclosed lawsuits (because defense counsel showed her the civil litigation docket listing the cases), Plaintiff switched from flat out denying them, to taking the contumacious position that "[i]t could be or it could be somebody else." *See* Tr. 79. And, when her denial of having made a number of other claims for emotional distress, in particular, was exposed as false during the deposition, Plaintiff pivoted again – adopting instead the ridiculous position that such claims did not need to be disclosed as other claims for emotional distress because they involved a different – "not identical kind of emotional distress." Again, her husband/lawyer doubled down, informing the court, in response to the instant motion for sanctions, that his wife's claims for emotional distress in the other undisclosed lawsuits need not have been disclosed in this case as they were claims made in Tennessee and related to or were "parasitic" of various physical injuries she had also failed to disclose.

In other instances, Plaintiff flatly refused to respond to deposition questions at all – an approach sanctioned by her counsel. For example, he instructed her not to answer the reasonable question of the purchase price she had paid for an interest in the subject premises. Tr. 124.

Other of Plaintiff's counsel's representations to the court in briefing in response to the instant motion for sanctions are concerning. For example, counsel represents to the court that the Plaintiffs false testimony about not being a party to many other lawsuits is immaterial because

the law, he suggests, holds that unless the other matter falls within five months of the existing claim, it is irrelevant; he cites the same alleged authority for the proposition that Plaintiff's false testimony about prior emotional distress claims, specifically, is irrelevant; and he also relies on this alleged representation of the law to excuse his improper instruction to his client to not answer the question of how much she most recently paid for a share of the interest in the subject property. *See* Pl. Br. in Opp'n. [172]. This argument – on its face – simply misrepresents applicable law and is not even colorable as is aptly explained in the Defendants' reply thereto. *See* Defs. Reply. Br. [175]. Equally irrational is counsel's argument that his client's false testimony regarding prior lawsuits and other emotional distress claims is excusable because "plaintiff's testimony interpreting a legal pleading is not admissible." Pl. Br. in Opp'n at 3.

Moreover, counsel's representation to the court that, in any event, Defendants have now obtained all of the requested information, is flatly untrue. For example, far from producing the requested information about the purchase price she most recently paid for an interest in the subject premises, Plaintiff now asserts in place of her flat refusal, that she doesn't remember and is unable to refresh her recollection.

And, most troubling of all to the undersigned, is the significant amount of evidence Plaintiff claimed at her deposition on May 26, 2021, to have previously catalogued, stored, and "had at her fingertips" concerning the precise issues in this case. This information includes notes she made memorizing each of the conversations she had with the defendants about the subject premises, including its tax payment/sale status, throughout the relevant time period. Not only has this relevant information *not*, contrary to counsel's representation, been produced to defense counsel, it has since the deposition allegedly disappeared.

In view of the foregoing concerns, this court will set this matter for a hearing to be held in person and at which the court will expect all counsel and parties to be prepared to offer testimony, including in response to questions by the court, regarding the matters addressed herein. This will specifically include the sudden disappearance of all the documents heretofore testified to by Plaintiff as being in her possession and control as recently as May 26, 2021. The court will take up the issue of any appropriate sanctions following the hearing.

**SO ORDERED** this, the 15th day of September, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**