**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LINDA BERKLEY**                                                                                    **PLAINTIFF**

**V.**                                                                           **NO.: 3:19-cv-217-MPM-JMV**

**LAFAYETTE COUNTY, MISSISSIPPI, ET AL.**                                      **DEFENDANTS**

**ORDER**

This cause is before the court pursuant to the District Judge's order on January 28, 2022, [210] for a determination of the reasonable amount of fees and expenses awarded Defendants against Plaintiff in briefing (or joining) a Motion for Sanctions [148], and attending the hearing thereon as discussed below.

On June 16, 2021, Ashley Atkinson, City of Oxford, Mississippi (the "City Defendants") moved to compel sanctions in various forms, including attorney fees and expenses, for multiple discovery violations. [148]. On June 22, 2021, and July 21, 2021, Defendants Lafayette County, Mississippi, and Sherry Wall, Chancery Clerk (the "County Defendants") and Thik and Thin Constructions LLC ("Thik and Thin"), respectively, joined the City Defendants' motion for sanctions. [156]. Following a hearing thereon, I rendered a report and recommendation on the Motion to the District Judge on December 13, 2021. [208]. In it, I recommended, *inter alia*, that the Plaintiff be required to pay the reasonable fees/costs incurred by the City Defendants in bringing the motion, the remaining Defendants in joining it and by all Defendants in attending the hearing thereon. On January 28, 2022, this court adopted this portion of my report, awarded the subject fees and costs as foresaid, and tasked the undersigned to determine the reasonable amount of such fees and expenses incurred. [210]. By Order on January 21, 2022, I solicited from counsel for the Defendants their respective itemizations of the same and directed Plaintiff that she had a

similar period following their submission in which to notify the undersigned of any objection she may have to the reasonableness thereof. Defendants have since timely submitted their itemizations to the undersigned with copies to counsel opposite.[1] Plaintiff has now submitted her objections to the reasonableness thereof.

Following Fifth Circuit precedent, Defendants have appropriately itemized their fees using the "lodestar" method to calculate same, which is applied by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *see also Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Serv., Inc.*, 2019 WL 3387751, *1 (N.D. Tex. July 26, 2019) ("Plaintiff calculated its reasonable fees using the 'lodestar' method, which is the appropriate method for computing reasonable fees under Rule 37").

The City Defendants assert fees for the following hours expended: Mr. Butler: 26.25 hours; Ms. Bland: 35.5 hours; and Paralegal Hardwick: 7.25 hours. The hourly rates sought are Butler $325; Bland $220 and Hardwick $125. The City Defendants assert that prior to the fee itemization, the total of their fees was $17,425.00. However, Butler asserts he had an additional 0.75 hours, and Bland had an additional 6 hours in preparing the application, making the total fees they have itemized equal to $19,018.75. City Defendants also lists expenses of $221.03 (mileage and related expenses).

The County Defendants who filed a joinder (without briefing) in the subject motion on June 22, 2021, [156], and whose counsel attended the hearing thereon, assert fees for their counsel,

---

[1] At the direction of the undersigned, the Defendants were instructed to submit the itemizations to chambers rather than placing them on the docket due to concerns over unnecessary inadvertent disclosure of protected client information. The itemizations were also served on all counsel.

Ms. Malone, of 12.5 hours at $155 an hour which totals $1,937.50 in fees and an additional $179.20 of itemized expenses, for a total of $2,116.70.

Defendant, Thik and Thin Construction LLC ("Thik and Thin") who, on July 21, 2021,[176], also joined the subject motion (without briefing) and attended the hearing thereon, itemized fees comprised of 15.65 hours at $260/hr for its counsel, Mr. Suszek, and .20 hours at $100/hr by a legal assistant for a total of $4,089.00 in fees. Itemized expenses incurred are $313.60 for an asserted total of fees and expenses of $4,402.60.

The Plaintiff objects to the Defendants' fees/expenses as follows: First, Plaintiff argues that a written application or motion for the fees and expenses should have been submitted, but Plaintiff overlooks that a written motion for the fees and costs associated with Plaintiff's discovery misconduct was submitted by way of the City Defendants' Motion for Sanctions [148], was joined by all other Defendants, and a hearing was held thereon.[2] Indeed, as aforesaid, an award of all reasonable fees and expenses incurred in briefing said motion, joining therein and attending the hearing thereon, has already been made by the District Judge on my recommendation – leaving only the undersigned's determination of whether the amounts itemized by the Defendants are reasonable. In short, this criticism by Plaintiff is without merit.

Secondly, Plaintiff objects to the fees and expenses itemized by Thick and Thin on the basis that Thick and Thin did not file a joinder in the City Defendants' motion. According to Plaintiff, the joinder at [156] is only a joinder by the County Defendants in the City Defendants' motion. Again, however, the Plaintiff has simply overlooked a docket entry – this one at [176], wherein Thick and Thin joined the subject motion for sanctions.

---

[2] At the hearing, Plaintiff's counsel, himself, suggested that of the various sanctions sought, attorney's fees were most appropriate.

Thirdly, Plaintiff, citing *Griggs v. Chickasaw Cnty., Mississippi*, No. 1:16-CV-13-SA-RP, 2020 WL 853532 (N.D. Miss. Feb. 20, 2020) for the rule that requires the court to exclude time entries that are duplicative, excessive, or inadequately documented, argues:

> The following time entries [by the City Defendants] are inadequately documented as they reference "addressed":
>
> 5/4/21 Greg Butler Addressed motion for sanctions strategy .25
>
> 5/11/21 Greg Butler Addressed outstanding document issues .25
>
> 5/16/21 Greg Butler Addressed deposition discovery issues .25
>
> 5/30/21 Greg Butler Addressed attempt to change deposition .25
>
> 07/09/21 Greg Butler addressed errata issue, deposition, document 1.25
>
> The following entries are excessive or duplicative and should be excluded:
>
> 05/14/21 Mallory Bland Finalize Rule 37 Motion for Sanction 1.5
> Mr. Butler was already finalizing this document and Ms. Bland had already spent 8 hours on this document between 5/4/21 and 5/10/21
>
> 05/16/21 Debra Hardwick. Label Exhibits to Motion …. 3.25
> Mrs. Hardwick had already expended 3.75 hours retrieving the exhibits. It is excessive for a 30 year paralegal to need an additional 3 hours to label the exhibits.
>
> 05/16/21. Mallory Bland. Draft underlying motion for sanctions…2.5
> Mr. Butler had already finalized the Motion for Sanctions on 5/14/21 and Ms. Bland and already spent 8 hours drafting this document between 5/4/21 and 5/10/21.
>
> 05/16/21 Greg Butler Addressed deposition/discovery issues .25
> This time entry was also objected to as inadequately documented. This time is merely duplicative of finalizing the Motion for Sanctions.
>
> 7/7/21 Greg Butler Correspondence re request for additional info …. 1.25 This time entry is excessive. A request for the Court reporter for further information of the deposition should not require an hour

>for an experienced lawyer to draft. Especially, a court reporter that the attorney has a working relationship with.
>
>7/9/21 Greg Butler Addressed Errata Sheet….. 1.25
>This time entry is excessive and duplicative of prior entries.
>
>7/15/21 Mallory Bland Supplement and Finalize Reply … 3.5
>Mr. Butler had already drafted an outline of the reply on 7/13/21 and Mr. Bland had already spent 3.5 hours supplementing this memorandum. Mr. Butler spent a further 1.75 hours on 7/15/21 to finalize this memorandum. This time is excessive and duplicative.

See Pl.'s Opp'n. [213].

The undersigned finds these objections well taken and has excluded these entries from the court's itemization of reasonable fees and expenses incurred by the City Defendants. In addition, I find the following entries should be excluded from the City Defendants reasonable fees and expenses because I do not find them sufficiently necessary to the briefing of the subject motion or attending the hearing thereon:

>5/28/2021 Gregory T. Butler Conference call with Lafayette County's counsel re plaintiff's deposition misconduct and strategy moving forward; correspondence with all counsel of record re remaining discovery issues and extending deadlines; drafted motion to extend; correspondence re request to extend 2.75
>
>6/1/2021 Gregory T. Butler Correspondence re requested extension; addressed summary of deposition testimony; reviewed order amending CM0 deadlines; reviewed plaintiff's settlement demand 1.0
>
>6/2/2021 Gregory T. Butler Addressed discovery issues; correspondence re various issues and request for conference; correspondence with counsel re video of plaintiff's deposition 1.0
>
>6/2/2021 Mallory K. Bland Review plaintiff's deposition transcript for deficiencies to include in request for discovery conference 0.75
>
>6/3/2021 Gregory T. Butler Correspondence with all counsel re discovery dispute; correspondence with court reporter re recordings; correspondence re discovery dispute and waiving pre-motion conference requirement 1.25

    6/11/2021 Mallory K. Bland Review emails between Tom Suszek and Drayton Berkley regarding document production 0.25

    6/11/2021 Gregory T. Butler Addressed outstanding document issues 0.25

    6/30/2021 Mallory K. Bland Review and analyze plaintiff's motion for extension of time to respond to motion for sanctions; begin drafting response in opposition to motion for extension 1.75

    7/2/2021 Gregory T. Butler revisions to response to extension motion 0.25

    7/2/2021 Mallory K. Bland Revise and supplement response in opposition to motion for extension; email correspondence regarding response to motion for extension 2.25

    7/3/2021 Mallory K. Bland Revise and finalize response in opposition to motion for extension 0.25

    7/6/2021 Mallory K. Bland Review plaintiff's reply in support of motion for extension 0.25

    7/14/2021 Gregory T. Butler Correspondence re request for additional info on plaintiff's deposition; correspondence with court reporter re E-mail and call with client re strategy 0.25

    7/12/2021 Mallory K. Bland Review and analyze plaintiff's errata sheets 0.5

    10/18/2021 Gregory T. Butler update to client [apparently after returning from the hearing to Jackson] .75.

    Also eliminate all time for claimed for itemizing fees 6.75.
    Total of City Defendants hours excluded: 37.65 hrs

    As for the County Defendants, the Plaintiff makes no objection to the inclusion of any of their counsel's time entries, and Plaintiff only objected to the time entries of Thik and Thin on the, as noted, erroneous basis that it did not join the subject motion. Nevertheless, the undersigned finds that certain of the time entries made by the County Defendants and by Thick and Thin are

objectionable as insufficiently necessitated by their respective two sentence joinders or to attending the hearing thereon:

Thick and Thin:

| DATE | TIME KEEPER | DESCRIPTION | AMOUNT |
|---|---|---|---|
| **2021** | | | |
| June 16 | TJS | Review of City's motion for sanctions against plaintiff | .20 |
| | TJS | Partial review memorandum of authorities in support of motion | .70 |
| June 18 | TJS | Review plaintiff's motion to strike exhibit to sanctions motion | .10 |
| | TJS | Review plaintiff's memorandum in support | .25 |
| | TJS | Review city's response to motion to strike exhibit | .20 |
| June 21 | TJS | Review plaintiff's reply to City's response to motion to strike exhibit | .20 |
| June 22 | TJS | Review County's joinder in motion for sanctions | .10 |
| July 8 | TJS | Review court's order denying plaintiff's motion to strike exhibit | .10 |
| | TJS | Review other attorneys' filings re sanctions issues | .30 |
| July 9 | TJS | Study allegations/information in pleadings and emails concerning alleged missing records identified at plaintiff's deposition | .50 |
| July 12 | TJS | Study papers and cited authorities concerning sanctions motion | .75 |
| **2022** | | | |
| January 28 | TJS | Pro rata entry for review sanctions discussion in District Court's order regarding dismissal of claims and sanctions | .20 |

Total of Thick and Thin hours excluded: 3.6

Also excluded are $156 of mileage expenses of Thick and Thin's "representative" to attend the hearing. This is neither an attorney's fee nor expense.

The County Defendants:

| | | |
|---|---|---|
| 6/21/21 | Review and analyze Oxford's Motion for Sanctions. | .3 |
| 6/21/21 | Review and analyze Oxford's Memorandum of Authorities. | .7 |
| 6/21/21 | Receipt and review of correspondence from Plaintiff's counsel regarding Sanctions. | .1 |

Total hours excluded 1.1

Plaintiff's final objection is to the hourly rates submitted by all counsel, other than that for the County Defendants. Specifically, Plaintiff argues:

> In *Joiner v. City of Columbus*, 1:14CV090-SA-DAS, 2016 WL 55336 (N.D. Miss. Jan. 4, 2016), this court held that a fee applicant must present evidence of the customary billing rate and the prevailing market rate to support a fee award. The customary billing rate should be utilized if it is reasonable in relationship to the prevailing market rate. *Id.* The prevailing market rate for Section 1983 counsel with extensive litigation experience is $250 per hour and $150 for less experienced counsel. *Id.*
>
> Applied to counsel, this analysis should yield the following rates: (1) Mallory Bland – $150 per hour. There is no evidence of this attorney's customary billing rate, and she has less extensive Section 1983 litigation experience. (2) Jessica Malone-$155 per hour. This is this attorney's customary billing rate, and it appears reasonable in comparison to the prevailing market rates. (3) Todd Butler- $250 per hour. There is no evidence of this attorney's customary billing rate, and he has extensive Section 1983 litigation experience. (4) Tom Suszek-$150 per hour. There is no evidence of this attorney's customary billing rate and no evidence of prior Section 1983 experience. The paralegal rates for Janet Bower and Debra Hardwick should be $100 per hour consistent with Northern District precedent.

Pl.'s Obj. at 4-5. [213].

The undersigned finds these objections without merit. First, *Joiner* was 2016 decision applicable to different counsel and facts. *Griggs v. Chickasaw Cnty., Mississippi*, No. 1:16-CV-13-SA-RP, 2020 WL 853532 (N.D. Miss. Feb. 20, 2020) is a more recent decision in which the court found

$400 an hour appropriate for a very experienced labor lawyer (with 40+ years of experience) and $250 an hour for each of his co-counsel with over 18 years each of experience. Similar rates have been approved in other cases as well. *See Express Oil Change, LLC v. Mississippi Board of Licensure for Professional Engineers and Surveyors*, 3:16-CV-414-HTW-LRA, 2020 WL 7345661, *5 (S.D. Miss. 2020) (In a First Amendment case, the court assigned a rate of $325 to Partner Michael Bentley and $225 to an associate attorney with a Fifth Circuit clerkship); *Bogan v. MTD Consumer Group Inc.*, 1:14-cv-225-SA-DAS, 2018 WL 279985 (N.D. Miss. 2018) (approving $400 an hour for the same very experienced labor lawyer referenced above).

A final example is *Anderson v. City of McComb*, *Mississippi et al.*, 5:13CV263TSL-MTP, 2016 WL 4261777, *4 (S.D. Miss. 2016), where Judge Lee assigned a $375 hourly rate to Attorney Dennis Sweet in a Section 1983 false arrest case that was litigated five years ago. Moreover, Judge Starrett recently awarded the counsel for the city in the instant case attorney's fees at the same proffered rates in *Loftin v. City of Prentiss, et al.*, No. 2:20-cv-00062-KS-MTP, Doc. Nos. 103, 105-106. (S.D. Miss. 2021). There, the fees were awarded on stipulation of the parties, but Attorney Michael J. Bentley, a litigation partner at the Bradley firm, provided an affidavit supporting the proffered rates. *See id.* at Doc. No. 103-3; 105-06. He opined that the market rate for Attorney Butler is actually higher than what Butler requests here, specifically $350.00. *Id.* As such, the undersigned finds the proffered rates of City Defendants' counsel, including the $125 an hour rate of a paralegal with 30 years' experience to be appropriate market rates in the relevant community.

As for the $260 hourly rate of Thik and Thin's counsel, I also find it is appropriate. Mr. Suszek has 30+ years of experience as a litigator and his hourly rate is below that approved for the City Defendants' counsel.

Finally, the hourly rate of the County Defendants has not been objected to, but they have suggested that the court nevertheless increase the hourly rate their counsel customarily charges for this legal work. The undersigned respectfully declines the invitation.

In conclusion, after elimination of the aforementioned time entries of defendants, the undesigned finds the following to be the reasonable fees and expenses incurred by the respective defendants in preparing the motion for sanctions, filing a joinder therein, and/or attending the hearing thereon:

| | |
|---|---|
| The City Defendants: | Butler - 12 hrs x $325 = $3900 |
| | Bland - 22.5 hrs x $220 = $4950 |
| | Hardwick - 4 hrs x $125 = $500 |
| | Total Fees: $9350 |
| | Expenses: $221.03 |
| | Total of Fees and Expenses of City Defendants: $9,571.03 |
| The County Defendants: | Malone 11.4hrs x 155= $1767 Fees |
| | Expenses: $179.20 (mileage at .56 x 320 miles) |
| | Total of Fees and Expenses of County Defendants: $1,946.20 |
| Thick and Thin: | Suszek - 12.05 x $260 = $3133 |
| | Legal Assistant - .20 x $100 = $20 |
| | Total Fees: $3153 |
| | Expenses: $156.80 |
| | Total of Fees and Expenses of Thick and Thin: $3,309.80 |

**SO ORDERED** this, the 22nd day of February, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**